IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KATHLEEN A. SEDILLOS, et al.,

    Plaintiffs,

vs.                                            Civ. No. 97-1034 LCS

AMREP SOUTHWEST INCORPORATED,
et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendants Amrep Southwest Incorporated (Amrep), Rodney Oates, Dan Buchly and James Wall's (collectively the Defendants) Motion to Dismiss, filed December 2, 1997.[1] The Defendants bring this motion pursuant to Fed. R. Civ. P. 12(b)(1) and (6) for entry of an order dismissing parts of the Plaintiff's complaint. The complaint contains the following counts against all the Defendants: 1) Title VII claim of constructive discharge of Plaintiff Mobley-Bertenshaw, 2) Title VII claim of an abusive/hostile work environment, 3) Title VII claim of unequal and discriminatory terms of conditions of employment and compensation, and 4) civil conspiracy claim. The Defendants contend that Counts One, Two, and Three should be dismissed as to the individual Defendants, and that Counts Two and Four should be dismissed as to all of the Defendants.

In ruling on a motion to dismiss, the Court presumes that all of a plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff. **Hall v.**

---

[1] Defendant Christina Kamer has not yet been served. Accordingly, this Memorandum Opinion and Order does not apply to her.

**Bellmon**, 935 F.2d 1106, 1109 (10th Cir. 1991)(citing **Scheuer v. Rhodes**, 416 U.S. 232, 236 (1974)). Courts may not dismiss a lawsuit for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him or her to recovery. **Conley v. Gibson**, 355 U.S. 41, 45-46 (1957).

A. Counts One, Two, and Three: The Individual Defendants

The Defendants argue that Counts One, Two, and Three, the Title VII counts, fail to state a claim against the individual Defendants. The Defendants correctly state that Title VII does not impose individual liability on supervisors. **See Haynes v. Williams**, 88 F.3d 898, 901 (10th Cir. 1996)(citing and quoting **Sauers v. Salt Lake County**, 1 F.3d 1122, 1125 (10th Cir. 1993)). Even though the Plaintiffs' argument that **Harrison v. Eddy Potash, Inc.**, 112 F.3d 1437 (10th Cir. 1997), **petition for cert. filed**, 66 U.S.L.W. 3137 (Aug. 6, 1997) modifies the **Haynes** decision is thought provoking, I nonetheless find that the appropriate law is that articulated in **Haynes**. In this case, the Plaintiffs brought the Title VII claims against Defendants Oates, Buchley, and Wall in their capacities as supervisors. Pursuant to **Haynes** and **Sauers**, the Title VII claims are, thererfore, dismissed as to the individual Defendants for failure to state a claim.

B. Count Two: All the Defendants

The Defendants also assert that Count Two should be dismissed as to all of the Defendants because the Plaintiffs failed to exhaust their administrative remedies with respect to the abusive/hostile work environment claim. Although each Plaintiff submitted charges to the Equal Employment Opportunity Commission (EEOC), the Defendants argue that the Plaintiffs failed to fairly bring to the EEOC's attention the abusive/hostile work environment claims.

EEOC exhaustion of Title VII claims is a jurisdictional prerequisite to bringing a federal suit. **Seymore v. Shawver & Sons, Inc.**, 111 F.3d 794, 799 (10th Cir. 1997), **cert. denied**, 118 S.Ct. 342 (1997); **Jones v. Runyon**, 91 F.3d 1398, 1399 (10th Cir. 1996), **cert. denied**, 117 S.Ct. 1243 (1997). In determining whether a Title VII claim has been exhausted, the Court must decide if the federal complaint "'encompass[es] any discrimination like or reasonably related to the allegations of the EEOC charge....'" **Jones**, 91 F.3d at 1400 (quoting **Ingels v. Thiokol Corp.**, 42 F.3d 616, 615 (10th Cir. 1994)(quotations omitted)). The EEOC complaint is liberally construed when determining the exhaustion issue. **Strub v. Public Serv. Co. of Colo.**, 863 F.Supp. 1352, 1355 (D. Colo. 1993).

Having reviewed the EEOC charges attached to the Defendants' Memorandum of Law in Support of Motion to Dismiss, I find that they allege claims based upon discriminatory terms and conditions of employment. However, even a liberal reading of the charges fails to produce anything "like or reasonably related" to Count Two's claims of an abusive/hostile work environment. I, therefore, conclude that the Plaintiffs failed to exhaust their Count Two claim. Consequently, this Court lacks jurisdiction over that claim. Count Two is dismissed without prejudice as to all of the Defendants.

C. Count Four: All of the Defendants

The Defendants argue that Count Four should be dismissed because there is not a separate cause of action for a civil conspiracy claim in New Mexico. Even if there was a separate cause of action, the Defendants contend it is barred by an "intracorporation" doctrine. Contrary to the Defendants arguments, I find that New Mexico does have a cause of action for civil conspiracy. As set forth in **Silva v. Town of Springer**, 121 N.M. 428, 434, 912 P.2d 304, 310

(Ct. App. 1996), **cert. denied**, 121 N.M. 375, 911 P.2d 883 (1996) and 121 N.M. 444, 913 P.2d 251 (1996), the elements of a civil conspiracy are as follows: conspiracy between two or more individuals, specific wrongful acts by the defendants pursuant to the conspiracy, and damages to the plaintiff as a result of the wrongful acts.

The Court having found a civil conspiracy cause of action, the Defendants assert that there cannot be a conspiracy between two or more individuals when the Defendants are all employees and agents of Defendant Amrep. The Defendants contend that they would be acting as a single entity. In just such a situation, the Tenth Circuit held that there can be individual liability only if the employees are acting outside their scope of employment for personal benefit. **Wegerer v. First Commodity Corp. of Boston**, 744 F.2d 719, 726 (10th Cir. 1984). The complaint in this case fails to specify that the individual Defendants were anything but employees and agents acting within the scope of their employment. Accordingly, as the complaint stands, Count Four is dismissed with prejudice for failure to state a civil conspiracy claim. However, in the interests of fairness, the Plaintiffs are given permission to amend their complaint with respect to Count Four. The Plaintiffs will have 30 days to file their amended complaint.

D. Conclusion

Counts One and Three are dismissed with prejudice as to the individual Defendants for failing to state a Title VII claim. Count Two is dismissed without prejudice for lack of jurisdiction. Count Four is dismissed with prejudice for failing to state a civil conspiracy claim, except that the Plaintiffs may amend their complaint within 30 days to address the Court's concerns regarding that claim.

WHEREFORE,

IT IS ORDERED that Counts One and Three are dismissed with prejudice only as to Defendants Oates, Buchly, and Wall.

IT IS ALSO ORDERED that Count Two is dismissed without prejudice as to all the Defendants except Defendant Kamer.

IT IS FURTHER ORDERED that Count Four is dismissed with prejudice as to all the Defendants except Defendant Kamer, and leave is given to the Plaintiffs to amend their complaint as to this count within 30 days of the date of this Memorandum Opinion and Order.

```
_____
Leslie C. Smith
UNITED STATES MAGISTRATE JUDGE
(sitting as presiding judge by consent of the parties)
```