IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**KATHLEEN A. SEDILLOS,**
et al.,

      Plaintiffs,

vs.

                                                                                        No. CIV 97-1034 LCS

**AMREP SOUTHWEST, INC.,**
et al.,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court upon Plaintiffs' Motion to Reconsider in Part Order Dismissing Claims for Hostile Work Environment and Request for Oral Argument, filed December 22, 1997.

It is well settled that a motion to reconsider is appropriate where a "court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning, but of apprehension." *Huff v. UARCO, Inc.*, 925 F.Supp. 550, 561 (N.D.Ill. 1996). Another "basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court." *Id*. A motion to reconsider is not appropriate to re-argue an issue already decided by the Court. *See Frederick v. Southeastern Penn. Transp. Authority*, 926 F.Supp. 63, 64 (E.D.Pa. 1996).

Plaintiffs' motion to reconsider asks the Court to reconsider its December 11, 1997 Memorandum Opinion and Order insofar as it dismissed Plaintiffs' hostile work environment claims for being unexhausted.  The Plaintiffs' motion to reconsider includes as exhibits documents not previously presented to the Court although in existence at the time the Plaintiffs responded to the Defendants' motion to dismiss.  In essence, the Plaintiffs request that the Court revisit its Memorandum Opinion and Order because they did not fully present their arguments against dismissal at the first go around.  This attempt at a "second bite at the apple" is not a sufficient ground to grant a motion to reconsider.

Even disregarding the improper "second bite at the apple," I would nonetheless let the Memorandum Opinion and Order stand as it is.  For a discrimination claim to be exhausted, "there [must be] a reasonable relationship between the allegations in the [EEOC] charge and the claims in the complaint, and the claim in the complaint [must be] reasonably ... expected to grow out of an EEOC investigation of the allegations in the charge." *Cheek v. Western and Southern Life Insurance Co.*, 31 F.3d 497, 500 (7th Cir. 1994).  As I have already found, the documents attached to the briefs discussing the Defendant's motion to dismiss fail to demonstrate a reasonable relationship between the EEOC charge and the claim for a hostile work environment.  Accordingly, the Plaintiffs have not persuaded me to grant their motion to reconsider.

WHEREFORE,

IT IS HEREBY ORDERED that  Plaintiffs' Motion to Reconsider in Part Order Dismissing Claims for Hostile Work Environment and Request for Oral Argument is hereby

DENIED.

_____
Leslie C. Smith
UNITED STATES MAGISTRATE JUDGE