IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KATHLEEN A. SEDILLOS, et al.,

    Plaintiffs,

vs.                                                      Civ. No. 97-1034 LCS

AMREP SOUTHWEST INC., et al.,

    Defendants.

## MEMORANDUM OPINION

This matter comes before the Court upon Plaintiffs' Second Motion and Memorandum to Reconsider Order Granting Motion to Dismiss Claims for Hostile Work Environment-or in the Alternative-for Determination That There is No Just Reason for Delay and for Stay of Proceedings Pending Immediate Appeal (Second Motion for Reconsideration), filed May 8, 1998. The Plaintiffs now present to the Court for the first time the affidavit of Geraldine Herrera, an investigator for the Equal Employment Opportunity Commission (EEOC). The Plaintiffs argue that Ms. Herrera's affidavit is unequivocal evidence that the Plaintiffs exhausted their EEOC remedies with respect to the hostile work environment claims. Ms. Herrera states in her affidavit that she investigated

> the issue of females being treated less favorably than males that included a hostile work environment <u>based on the terms and conditions of employment</u>. As I recall, witness testimony supports that a hostile environment existed, but <u>the witnesses could not provide specific examples of Mr. Oates' discriminatory actions</u>. The witnesses did state that <u>Mr. Oates refused to communicate with females and treated assertive females differently</u>.

Exhibit 3 (attached to Second Motion for Reconsideration)(emphasis added). Although Ms. Herrera uses the term "hostile work environment" in her affidavit, the heart of her affidavit does

1

not describe a claim of hostile work environment but rather a disparate treatment claim.  At best, the affidavit is equivocal and does not justify a reversal of this Court's previous dismissal of the hostile work environment claims.

Even if the Court found that Ms. Herrera's affidavit constituted unequivocal evidence that the EEOC investigated hostile work environment claims, the Plaintiffs have not adequately addressed the issue of notice to the Defendants.  One of the purposes of the Title VII exhaustion requirement is to give notice to the charged party of the alleged Title VII violations.  **Woodman v. Runyon**, 132 F.3d 1330, 1342 (10th Cir. 1997).  The EEOC determinations in this case found that the Plaintiffs were subjected to "different terms and conditions of employment."  Exhibit 4 (attached to Second Motion); Exhibit 5 (attached to Reply in Support of Defendants' Motion to Dismiss, filed Dec. 2, 1997).  These determinations did not give notice to the Defendants of (nor the opportunity to respond to) any hostile work environment claims.  The Plaintiffs argue, however, that prior to the issuance of the EEOC determinations, Mr. Oates apologized to employees for "any statements he made which may have offended them" and Mr. Wall answered a questionaire concerning verbal harassment.  Exhibits 2 and 3 (attached to Plaintiffs' Reply to Defendants' Response to Plaintiffs' Second Motion to Reconsider).  Plaintiffs contend that these actions demonstrate that the Defendants had notice of the hostile work environment claims.  Contrary to the Plaintiffs' contention, the EEOC's later determinations nonetheless negate any prior notice of a hostile work environment claim.  For the foregoing reasons, I conclude that the Plaintiffs' Second Motion for Reconsideration is without merit and should be denied.[1]

---

[1]The Defendants also argue that the Second Motion for Reconsideration is untimely and should be denied for that reason.  Because, I find that the Second Motion for Reconsideration should be denied on other grounds, I find it unnecessary to address the timeliness issue.

The Plaintiffs request in the alternative that the Court certify the hostile work environment claims under Fed. R. Civ. P. 54(b) so they can immediately appeal those claims. Rule 54(b) states in pertinent part:

> When more than one claim for relief is presented in an action ..., the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Certification pursuant to Rule 54(b) is a two-step process. First, the Court must determine that the judgment is final. **Curtiss-Wright Corp. v. General Elect. Co.**, 446 U.S. 1, 7 (1980). The judgment "must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" **Id**. (quoting **Sears, Roebuck & Co. v. Mackey**, 351 U.S. 427, 436 (1956)). Second, the Court must decide whether there is a just cause for delay. **Id**. at 8. To make this decision, the Court balances the policy of preventing piecemeal appeals against the hardship or injustice a party might suffer because of the delay to appeal. **United Bank of Pueblo v. Hartford Accident & Indem. Co.**, 529 F.2d 490, 492 (10th Cir. 1976). Factors to consider in the balancing test include whether "the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." **Curtiss-Wright**, 446 U.S. at 8. Based upon the arguments presented and the applicable law, I find that the dismissal of the hostile work environment claims are now final and those claims are separable from the other claims. Moreover, no appellate court would have to decide the exhaustion issue as to the hostile work environment claims more than once even if there were subsequent appeals. I also find that should

an appeal be delayed the expense and inconvenience of a possible second trial outweighs the policy of preventing piecemeal appeals.  Consequently, I find that the Plaintiffs' request for certification under Rule 54(b) should be granted and all proceedings in this matter stayed pending the outcome of the appeal.  An order consistent with this Memorandum Opinion will be entered concurrently.

_____
Leslie C. Smith
UNITED STATES MAGISTRATE JUDGE
(Sitting as presiding judge with the consent of the parties)